SAMUEL L. TABOR *vs.* J. EARLE TABOR.

JUNE 20, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

48

Moss, J.   This suit in equity was brought by a father against his son to cancel a deed alleged to have been obtained by respondent through fraud, and for other relief.   The cause is before us on respondent's appeal from a decree denying his cross bill and granting certain relief to complainant.

The bill alleged that early in 1945 the son, who was then operating a grain business on a. part of his father's land, offered to buy from the father a part of the latter's land, the bounds of that part being agreed upon between them; that the son pointed out different bounds to the surveyor employed by him and thus obtained from the father, without paying any compensation therefor, a deed of a larger tract of land than was intended to be conveyed to the son; and that the father did not discover the fraud until after that deed had been recorded.

It is also alleged that, at the time when this fraud was discovered, the son owed his father $1800 for money which he had borrowed on January 19, 1944; that the father owed his son for grain in excess of $400; that the son had removed from the father's home some articles of household furniture, exhibiting a bill of sale allegedly signed by the complainant's wife, respondent's mother, since deceased; and that the complainant owned in his own right the bulk of these articles of furniture and protested against their removal.

The complainant prayed that a decree be entered, canceling the aforesaid deed of real estate as being null and void for lack of consideration, and for fraud perpetrated on

him; that an accounting be had between the parties and that the amount due to the complainant be ascertained; and that the respondent be ordered to return all household furniture to which the complainant proved title.

The respondent, in his answer, in the nature of a cross bill stated that he had been operating a grain business on the land of his father and had wished to buy a part of that land; that they agreed on the bounds of the parcel to be conveyed; that his father pointed out these bounds to the surveyor; that thereafter the surveyor made a drawing of that land and that the father knew the boundaries and was furnished a blueprint thereof before the deed was executed.

The respondent also alleged that the deed in question conveyed a tract of land bounded as pointed out by the complainant to the surveyor and as shown on the above-mentioned blueprint; and he denied that he obtained the signature of his father to a deed of a larger tract of land than was agreed upon.

He denied any fraud in connection with the deed and also denied that he was indebted to the complainant in the sum of $1800 for money loaned as alleged in the bill. On the contrary he claimed that the complainant was indebted to him for grain in the sum of $506.40; also, in the sum of $42.58 for moneys had and received by the complainant for him; and in the further sum of $807.14 for moneys advanced and paid out by the respondent for the account of the complainant, making a total indebtedness of the latter to the respondent of $1356.12, which sum he alleged was still due to him by the complainant.

The respondent admitted that he exhibited to the complainant a bill of sale, signed by his mother, who was deceased at the time of the bringing of this suit, and which conveyed considerable furniture to him. He denied that the complainant owned any of the furniture and other things conveyed to him in the bill of sale, and he testified that such articles were the sole property of his mother at the time of said conveyance.

According to uncontradicted evidence the complainant's wife in her last illness was first cared for at a hospital in Woonsocket, and the respondent paid the bills for her care there and his father reimbursed him. Later she was moved to a so-called "nursing home" in Providence and the respondent paid the bills for her nursing care there and also her doctor's bills. His father refused to reimburse him for the bills so paid, although the son insisted on such reimbursement in the amount of $807.14.

After the conclusion of the presentation of evidence the trial justice entered the decree which is now before us. In this he made seven findings of fact on material issues and, based thereon, a decree was entered by the trial justice, as follows: "1—That the prayer of the complainant for cancellation of the deed for fraud and lack of consideration is hereby denied. 2—That the prayer of complainant for the payment of Eighteen Hundred ($1,800) Dollars to him by respondent in satisfaction of a loan is hereby granted, with interest from January 19th, 1944 at six per cent per annum. 3—That the prayer of respondent for relief in the nature of a cross-bill is hereby denied."

The complainant did not appeal from this decree. The respondent, however, has prosecuted to this court a claim of appeal therefrom in which he has set forth ten reasons of appeal. The substance of such reasons is that the trial justice misconceived the law and the evidence and the weight thereof. We have considered all these reasons of appeal in the light of the pertinent evidence in the cause and we cannot say that the trial justice was clearly wrong in any of his findings of fact, with the exception of the one numbered 3, which is as follows: "That the complainant is not indebted to respondent for hospital and medical bills incurred by Mabel A. Tabor, deceased wife of complainant and mother of respondent, and paid by respondent, since said bills ran to respondent."

In his fifth reason of appeal the respondent claims that such finding of fact is against the law and the evidence and

the weight thereof. From an examination of the transcript we can find no evidence that the respondent assumed or intended to assume legal liability for the payment of those hospital bills; but the evidence strongly indicated that his only reason for paying them was to prevent his mother from being forced to leave the hospital when she was in dire need of further hospital treatment and nursing care.

Under the then existing conditions it is clear that it was primarily the complainant's legal duty to pay those hospital expenses; and there is nothing in the evidence to show that it was the respondent's intention, or that he was legally bound, to relieve his father of that burden.

We therefore find that the respondent's appeal should be sustained to the extent that the final decree should contain a provision that the complainant, as a condition of recovery by him from the respondent for any indebtedness of the latter to him, must pay or credit to the respondent the amount paid by the latter for hospital treatment and medical and nursing care of the complainant's wife.

The respondent's appeal is sustained, the decree appealed from is reversed in part, and the parties may, on July 7, 1947, present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Edward F. Dwyer,* for complainant.

*John L. Curran,* for respondent.